**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

NO. 5:09-CV-176-FL

| | | |
|---|---|---|
| SIMON CAMARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM &** |
| | ) | **RECOMMENDATION** |
| | ) | |
| | ) | |
| NORTH CAROLINA CENTRAL | ) | |
| UNIVERSITY, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court upon the motion to dismiss filed by Defendants Farida Azam and Tim Moore (DE-18). Plaintiff has responded to this motion (DE-21), and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Defendants' motion to dismiss (DE-18) be GRANTED and that Plaintiff's claims against Defendants Farida Azam and Tim Moore be DISMISSED.

**Analysis**

Defendants have filed their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To

survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the

... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must

"raise a right to relief above the speculative level," and the complaint must contain "enough

facts to state a claim to relief that is plausible on its face." Twombly, 550 U .S. at 555, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  "[T]he tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions" or

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." Id.  A complaint may survive a motion to dismiss only if it "states a plausible

claim for relief" that "permit[s] the court to infer more than the mere possibility of

misconduct" based upon "its judicial experience and common sense." Id. at 1950.  Without

such "heft," Id. at 1947, claims cannot establish a valid entitlement to relief, as facts that are

"merely consistent with a defendant's liability," Id. at 1949, fail to nudge claims "across the

line from conceivable to plausible." Id. at 1951 (quotations omitted).

      Plaintiff brings this suit pursuant to Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.c. § 2000e, *et seq.*  He alleges that he was dismissed because of his race and

national origin (DE-21, pg. 1).  Specifically, Plaintiff contends that his immediate

supervisors,  Defendants Tim Moore and Farida Azam, "retaliated against . . . [him] for

previously filing a racial discrimination and harassment complaint . . ." (DE-21, pg.1).

However, in <u>Lissau v. Southern Food Service, Inc.</u>, 159 F.3d 177 (4th Cir. 1998), the Fourth Circuit held that individual supervisors are not "employers" for purposes of Title VII and cannot be held liable under that statute. *Id.* at 180-81. Therefore, Plaintiff has failed to state a claim against Defendants Farida Azam and Tim Moore upon which relief can be granted.

**<u>Conclusion</u>**

For the aforementioned reasons, it is HEREBY RECOMMENDED that Defendants' motion to dismiss (DE-18) be GRANTED and that Plaintiff's claims against Defendants Farida Azam and Tim Moore be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 23rd day of March, 2010.

 

 

_____
William A. Webb
U.S. Magistrate Judge

3