IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-176-FL

| | | |
|---|---|---|
| SIMON CAMARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | ORDER |
| | ) | |
| NORTH CAROLINA CENTRAL | ) | |
| UNIVERSITY; FARIDA AZAM; and, | ) | |
| TIM MOORE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes now before the court upon the Memorandum and Recommendation ("M&R") of United States Magistrate Judge William A. Webb (DE # 23), which recommends granting the motion to dismiss filed by defendants Farida Azam and Tim Moore (DE # 18). Plaintiff timely filed an objection to the M&R (DE # 28). In this posture, this matter is now ripe for ruling.

**BACKGROUND**

On April 21, 2009, plaintiff filed a motion for leave to proceed *in forma pauperis*, which was granted on April 28, 2009. In plaintiff's complaint, filed with his motion for leave, he alleges that defendants discriminated against him on the basis of his race and national origin. He alleges that his immediate supervisors, defendants Azam and Moore, terminated his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). In their answer, defendants apparently deny that defendants Azam and Moore were plaintiff's immediate supervisors. (See Pl.'s

Compl. ¶ 7, 9; Defs.' Answer ¶ 7, 9.) Defendants later contend, however, that plaintiff's claim should be denied because supervisors are not individually liable under Title VII.

## DISCUSSION

A.  Standard of Review

A district court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

A court considering a motion to dismiss for failure to state a claim must view the allegations in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the factual content necessary to survive a motion to dismiss, the court does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks and citations omitted).

B.  Analysis

Plaintiff charges that the M&R is erroneous for two reasons. First, he argues that it contradicts the facts of the case, and second he asserts it undermines this court's March 17, 2010 order.

It is not clear from the pleadings whether defendants Azam and Moore were in fact plaintiff's immediate supervisors. In any case, Title VII imposes liability only on the employer, not supervisors, fellow employees, or the like. See 42 U.S.C. § 2000e-2(a)(1). In other words, there is no individual liability under Title VII. Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998). Furthermore, this court's March 17, 2010 order does not conflict with the M&R. In the March 17, 2010 order the court discussed in substance only scheduling and mediation issues. The magistrate judge was correct in recommending that plaintiff's claim against these defendants be dismissed.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which an objection has been filed, and upon a considered review of the uncontested proposed findings and conclusions, the court ADOPTS as its own the magistrate judge's recommendations (DE # 23) and overrules plaintiff's objection (DE # 28) for the reasons stated herein. Accordingly, the motion to dismiss defendants Azam and Moore (DE # 18) is GRANTED. Plaintiff's claim pursuant to Title VII of the Civil Rights Act of 1964 against defendant North Carolina Central University shall proceed to trial. Separate order setting a trial date and establishing trial protocol shall follow shortly.

SO ORDERED, this the 14th day of May, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge